UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **BARBARA JEAN MOSER,** | : | **CASE NO.: 1:20-CV-00796** |
|    **Plaintiff,** | : | |
| | | **Judge** |
| v. | : | |
| | | |
| **MENARD, INC.,** | : | **NOTICE OF REMOVAL OF CIVIL ACTION** |
|    **Defendant.** | : | |

Defendant, Menard, Inc., through counsel and pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, respectfully submits this Notice of Removal of Civil Action. In support of its Notice, Defendant states the following:

On September 15, 2020, Plaintiff, Barbara Jean Moser (hereinafter "Plaintiff"), filed a Complaint in the Court of Common Pleas, Hamilton County, Ohio, and captioned <u>Barbara Jean Moser vs. Menard, Inc.,</u> Case No. A2003228. (A true and correct copy of the Complaint is attached hereto as Exhibit A).

Plaintiff's Complaint asserts claims for negligence against Menard, Inc. and seeks economic and non-economic damages as an alleged result of personal injuries sustained by Plaintiff Barbara Jean Moser in an alleged incident that occurred while she was shopping on the premises of Menard, Inc. located in Hamilton County, Ohio on or about September 20, 2018. The Complaint alleges that Plaintiff suffered a broken toe, a bruised arm and back, and a strained and injured iliacus muscle as a result of the alleged negligence of Menard, Inc. (Pl.'s Compl. at ¶ 9). Plaintiff further alleges she underwent various medical treatment, has a deformed toe, suffers from ongoing pain and will have future medical treatment. *Id.* at ¶¶ 10-16.

This Notice of Removal is filed within thirty (30) days of service of the state court action and is therefore timely under 28 U.S.C. § 1446(b).

The United States District Court for the Southern District of Ohio has "diversity" jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Removal is proper under 28 U.S.C. § 1441(b) because:

1. Plaintiff is an Ohio resident. (See Complaint at ¶ 1).

2. Defendant Menard, Inc. is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located in Eau Claire, Wisconsin.

3. The amount in controversy in this case exceeds seventy-five thousand dollars ($75,000).[1]  Plaintiff has placed no limitation on her prayer for relief, which demands monetary damages in excess of $25,000 plus costs and attorneys fees.[2]  (*See* Complaint at Prayer for Relief). In addition, under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of a lawsuit is proper upon the defendant's assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest

---

[1] As more fully set forth in Part 1 above, Plaintiff asserts Defendant Menard is liable for a broken toe, a bruised arm and back, and a strained and injured iliacus muscle as a result of the alleged negligence of Menard, Inc. (Pl.'s Compl. at ¶ 9).  Plaintiff further alleges she underwent various medical treatment, has a deformed toe, suffers from ongoing pain and will have future medical treatment. *Id.* at ¶¶ 10-16.

[2] *See, e.g.*, *Sorenson v. Ashmore*, 4 F. Supp.2d 669, 670 (E.D. Tex. 1998) (holding that it was facially apparent from the prayer for relief in Plaintiff's Complaint that the amount in controversy exceeded $75,000.00 where the Complaint merely sought an unspecified amount of attorneys' fees, actual damages, damages for emotional distress and punitive damages).

and costs. See 28 U.S.C. § 1446(c)(2)(B). Ohio law prohibits specifying the amount of damages sought in a complaint and permits recovery beyond what is demanded in the complaint. See Ohio R. Civ. P. 8(A) & 54(C); see also *Sherfey v. Volkswagen Grp. of Am., Inc.*, No 1:16CV776, 2016 WL 1741254, at *3-4 (N.D. Ohio May 3, 2016) (stating that "28 U.S.C. § 1446(c)(2)(B) expressly states that in states such as Ohio, when 'the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded,' removal is appropriate if 'the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).'"). The amount in controversy clearly exceeds $75,000 and this case is removable based on the allegations set forth in the Complaint cited herein.

4. As of the date of this filing, no other process, pleadings or orders have been filed with the Hamilton County Court of Common Pleas (other than those already attached hereto), and no motions are pending before that court.

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit B), together with a copy of this Notice of Removal will be filed with the Clerk of the Hamilton County Court of Common Pleas and shall be served on Plaintiff.

**WHEREFORE,** Defendant Menard, Inc. prays that this action be removed from the Hamilton County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and requests that this Court assume full jurisdiction over the case herein as provided by law.

Respectfully submitted,

REMINGER CO., L.P.A.


/s/Carrie M. Starts
Carrie M. Starts (0083922)
525 Vine St., Suite 1500
Cincinnati, OH 45202
Tel: (513)721-1311; Fax: (513) 721-2553
Email:  cstarts@reminger.com
**Counsel for Defendant Menard, Inc.**

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was served via U.S. mail this 7th day of October, 2020 upon:

Aaron J. Manter, Esq.
James K. Ferris, Esq.
5124 Corbly Road
Cincinnati, OH 45230
aaronjm@ferrisandmanter.com
jameskf@ferrisandmanter.com

/s/Carrie M. Starts
Carrie M. Starts (0083922)