

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
September 15, 2020 02:55 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 985581

**BARBARA JEAN MOSER**            **A 2003228**

vs.
**MENARD INC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND**

**PAGES FILED: 5**

EFR200

James K. Ferris (0030378)<br>
Aaron J. Manter (0085975)<br>
Attorneys for Plaintiffs

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| **BARBARA JEAN MOSER**<br>7965 Pine Meadow Lane<br>Cincinnati, Ohio 45224<br><br>PLAINTIFF,<br><br>v.<br><br>**MENARD, INC.**<br>c/o Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, Ohio 43215<br><br>DEFENDANT. | CASE NO.:<br><br>JUDGE:<br><br>COMPLAINT |

### PARTIES AND JURISDICTION & VENUE

1. Plaintiff, Barbara Jean Moser ("Plaintiff"), is an individual residing in Hamilton County, Ohio at 7965 Pine Meadow Lane, Cincinnati, Ohio 45224.

2. Defendant, Menard, Inc., ("Defendant"), is a foreign corporation registered with the Ohio Secretary of State and doing business in the State of Ohio, County of Hamilton, with its principal place of business located in Eau Claire, Wisconsin. The corporate purposes of Defendant is to operate retail sales and related services primarily in home-improvement goods by owning and/or operating the home-improvement retail stores commonly known as "Menards."

3. Jurisdiction and venue are proper in this Court because: Hamilton County, State of Ohio is the county in which all or part of the claim for relief arose; Hamilton County, State of

Ohio is the county in which the defendant conducted activity that gave rise to the claim for relief; the Defendant transacts business in Hamilton County, State of Ohio; and the Defendant has caused tortious injury by an act or omission in Hamilton County, State of Ohio.

## BACKGROUND FACTS

4. On September 20, 2018, Plaintiff was shopping at the Menards store located in Hamilton County at 2789 Cunningham Drive, Evendale, Ohio 45241 ("Menards").

5. Menards has an escalator ramp located inside the store that allows shoppers to move between the first and second floor in both directions with their carts ("Moving Walkway" or "Moving Walkways").

6. Upon information and belief, the Moving Walkways and shopping carts use magnets so that when the wheels of the shopping cart cross the threshold from the floor to the Moving Walkway, the wheels of the shopping cart lock in place to prevent the cart from moving. As a result, when entering the Moving Walkway, the front wheels of the shopping cart lock in place thereby preventing the wheels from turning. Once locked in place, the front wheels of the shopping cart are pulled forward by the Moving Walkway so that the entire shopping cart is pulled onto the Moving Walkway. Once the back wheels of the shopping cart cross the threshold from the floor to the Moving Walkway, they also lock at which point all four wheels of the shopping cart are locked in place so as to prevent the cart from moving as it is pulled either up or down the walkway to the next floor.

7. When exiting the Moving Walkway, the front wheels of the shopping cart are the first to cross the threshold onto the floor, at which point they unlock and are able to turn and function as a normal shopping cart wheels; however, until the back wheels cross the threshold from the Walkway to the floor, the back wheels remained locked and unable to turn.

2

8. On September 20, 2018, while using the Moving Walkways, Plaintiff's shopping cart got caught in the Moving Walkway and pushed Plaintiff into the side of the escalator where she was pinched and/or pinned between the shopping cart and the hand railing of the Moving Walkway.

9. As a result of being pinched and/or pinned between the shopping cart and the hand railing of the Moving Walkway, Plaintiff suffered a broken toe, a bruised arm and back, and a strained and injured Iliacus muscle.

10. Upon information and belief, the Iliacus muscle plays a significant role in both lifting the leg forward and bending the trunk of the body forward along with lifting the trunk of a body from a lying posture, such as a "sit-up."

11. Plaintiff sought treatment for the injury to her Iliacus muscle which consisted of two (2) regular steroid injections, one (1) ultrasound guided steroid injection, and therapy consisting of stretching. Plaintiff completed the therapy, but it did not help with the pain. Plaintiff has been referred to receive an x-ray guided steroid injection to be followed up by spinal injections.

12. The injury to Plaintiff's Iliacus muscle prevents her from getting comfortable when sleeping, thereby interfering with Plaintiff's ability to sleep.

13. The injury to Plaintiff's Iliacus muscle also continues to cause ongoing pain in her hip and back.

14. The day after the injury, Plaintiff returned to Menards and spoke with five (5) separate employees who indicated that the problem Plaintiff had with her cart getting stuck is a regular occurrence and that it happens "all the time."

15. Plaintiff's toe is now deformed as a result of the injury.

16. To date, Plaintiff's Iliacus muscle has not properly healed and Plaintiff is unable to

lift her leg without pain. Additionally, Plaintiff is unable to get comfortable while lying down and has trouble sleeping due to discomfort and pain caused by the injury.

### COUNT ONE - (Negligence)

17. Plaintiff incorporates by reference each allegation above as if fully restated herein.

18. Defendant knew or should have known about the defect(s) with the Moving Walkway(s) and/or shopping cart(s).

19. Defendant had a duty to Plaintiff to use reasonable care to ensure Plaintiff's safety while using the Moving Walkway(s) and/or shopping cart(s).

20. Defendant breached its duty to Plaintiff by failing to use reasonable care to ensure Plaintiff's safety while using the Moving Walkway(s) and/or shopping cart(s).

21. Defendant's breach of duty constitutes negligence.

22. As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered compensatory damages in an amount to be determined at trial that is in excess of $25,000.00 plus attorney fees and costs and any other relief this court deems just and equitable.

**WHEREFORE**, Plaintiff prays for the following relief: judgment against Defendant, Menard, Inc., for compensatory damages plus, attorney fees and costs, in an amount to be determined at trial, but not less than $25,000.00, and all other and further relief to which Plaintiff is entitled in law or in equity.

Respectfully submitted,

_/s/ Aaron J. Manter_____
Aaron J. Manter, Esq. (0085975)
James K. Ferris, Esq. (0030378)
Attorneys for Plaintiffs
6124 Corbly Road
Cincinnati, Ohio 45230

4

Ph. 513 231-1100
Fx: 513 231-1004
Email: aaronjm@ferrisandmanter.com
Email: jameskf@ferrisandmanter.com

**TO THE CLERK:** Please serve the Complaint by certified mail, return receipt, upon the following:

MENARD, INC.
c/o Corporation Service Company
50 West Broad Street
Suite 1330
Columbus, Ohio 43215

Aaron J. Manter (0085975)

5