UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **BARBARA JEAN MOSER,** | : | **CASE NO. 1:20-cv-00796-DRC** |
| Plaintiff, | : | |
| | | Judge Douglas R. Cole |
| v. | : | |
| **MENARD, INC.,** | : | **DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO INCLUDE A THIRD-PARTY COMPLAINT** |
| Defendant. | : | |

Comes now Defendant, Menard, Inc. ("Menard"), by and through undersigned counsel, and respectfully moves this Court to adopt an Entry granting them leave to file an Amended Answer to Plaintiff's Complaint to include a Third-Party Complaint.  The grounds for the instant Motion for Leave are set forth in the accompanying memorandum in support.

    Respectfully submitted,

    **REMINGER CO., L.P.A.**

    /s/Carrie M. Starts
    Carrie M. Starts, Esq. (0083922)
    525 Vine Street, Suite 1500
    Cincinnati, OH 45202
    PH:  513-721-1311
    FX:  513-721-2553
    Email:  cstarts@reminger.com
    ***Attorney for Defendant Menard, Inc.***

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION AND FACTS**

Plaintiff alleges that on September 20, 2018, as she was shopping at the Menard location in Evendale, Ohio, she sustained injuries while using a moving walkway located within the store. Plaintiff was allegedly using the descending moving walkway that allows Menard's customers to travel from the second floor of the store to the first floor of the store.  As Plaintiff reached the bottom of the descending moving walkway, she alleges her cart became stuck at the end of the walkway which caused her to become momentarily pinned before being assisted off the walkway. Plaintiff alleges Menard was negligent in ensuring customers' safety while they utilized the moving walkways within the store. (See Doc. 4, Complaint) Specifically, Plaintiff alleges that there was a defect in the moving walkway. *Id.*

Menard contracted with ThyssenKrupp Elevator Corporation ("TKE") to perform various duties and obligations in constructing and installing the moving walkway system at the Evendale, Ohio, Menard location.  As part of the construction contract between both parties, TKE provided Menards with express warranties that "all material, equipment and work furnished under [the] contract will be new . . . free from faults and defects and in conformance with all of the Contract Documents."  Additionally, the Construction Contract stated TKE "shall indemnify, defend, and hold harmless [Menard] . . . from any and all liability . . . arising out of the performance of the work hereunder."

Menard sent TKE a tender of defense letter informing it of the present lawsuit and its duty to defend and indemnify Menard in the present lawsuit.  TKE denies liability for breach of contract, breach of warranty, and its obligation to indemnify Menard in the lawsuit filed by Plaintiff.  As

such, Menard seeks to amend its Answer to include a Third-Party Complaint against TKE in this lawsuit. The proposed Answer and Third Party Complaint is attached hereto as Exhibit A.

## II. LAW AND ARGUMENT

### A. Rule 15 Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ.P.15(a)(2). The decision whether to grant leave is left to the trial court's discretion.

### B. The Court Should Grant Menards Leave to Amend

Defendant, Menard, seeks to amend its answer so that it may add a Third-Party Complaint against TKE and present claims for which it contends TKE is liable including breach of contract and indemnification and/or contribution pursuant to the construction contract between the parties. Defendant, Menard, presents its addition of TKE and its filing of its Third-Party Complaint in good faith based upon the information it possesses and has gathered in the interest of judicial efficiency. This Motion is also brought before the deadline set by the Court for Amending the Pleadings and/or to add a party.

## III. CONCLUSION

Therefore, for the reasons stated herein, Menard, Inc. respectfully requests that the Court grant it leave to amend its Answer to include a Third-Party Complaint against ThyssenKrupp Elevator Corporation. Upon granting of this Motion, Menard plans to file Exhibit A, attached hereto, the proposed Amended Answer with Third-Party Complaint.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via e-mail and/or regular United States mail, this 16th day of November 2020, on the following:

James Papakirk
Grant Wenstrup
Flagel & Papakirk, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
jpapakirk@fp-legal.com
gwenstrup@fp-legal.com
*Attorneys for Plaintiff*

/s/Carrie M. Starts
Carrie M. Starts, Esq. (0083922)