**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **BARBARA JEAN MOSER,** | : | **CASE NO. 1:20-cv-00796-DRC** |
| Plaintiff, | : | |
| | | Judge Douglas R. Cole |
| **v.** | : | |
| **MENARD, INC.,** | : | **AMENDED ANSWER OF MENARD, INC. TO PLAINTIFF'S COMPLAINT WITH THIRD PARTY COMPLAINT AGAINST THYSSENKRUPP ELEVATOR CORPORATION** |
| Defendant/Third Party Plaintiff | : | |
| **v.** | : | |
| **THYSSENKRUPP ELEVATOR CORPORATION** | : | |
| | : | |
| Third Party Defendant | : | |
| **SERVE: Registered Agent Corporation Service Company 50 West Broad Street Suite 1330 Columbus, Ohio 43215** | : | |
| | : | |

Defendant Menard, Inc., by and through counsel, hereby answers Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION & VENUE**

1. Defendant denies for want of knowledge the allegations contained Paragraph 1 of Plaintiff's Complaint.

2. In response to paragraph 2 of the Complaint, Defendant admits that Menard, Inc. is a corporation licensed to do business in the state of Ohio. Defendant denies the remaining allegations of paragraph 2.

1

3.  Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## **BACKGROUND FACTS**

4.  Defendant denies for want of knowledge the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.  Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.  Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **COUNT ONE – (Negligence)**

17. Defendant hereby reincorporates by reference the prior paragraphs of this pleading as if fully rewritten herein.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's Complaint is barred and/or Plaintiff's damages are reduced, if any, due to Plaintiff's own comparative/contributory negligence.

3.     Plaintiff's claims are barred by the doctrines of waiver or estoppel.

4.     Plaintiff's Complaint is barred due to Plaintiff's express, implied, primary and/or unreasonable assumption of the risk.

5.     Plaintiff's damages, if any, are subject to a statutory cap.

6.     Plaintiff's injuries/ damages, if any, may have been caused by the acts or omissions of one or more third parties for whom these Defendants are not responsible or liable.

7.     Plaintiff's claim may be barred due to lack of foreseeability and/or lack of proximate cause and/or by the doctrine of intervening, superseding causation.

8.     Plaintiff's damages, if any, may be subject to a set-off.

9.     Plaintiff may not be the real parties in interest as to some or all of the claims for damages.

10.     Plaintiff may have failed to join all necessary and indispensable parties.

11.     Plaintiff may have failed to mitigate damages, if any.

12.     Defendant expressly denies liability to Plaintiff.

13.     Plaintiff may have failed to properly commence and/or effectively/validly serve this Defendant.

14.    Defendant explicitly denies that any employee was negligent or caused damage to the Plaintiff.

15.    Defendant denies all allegations in Plaintiff's Complaint not specifically admitted herein to be true.

16.    Defendant owed no duty to Plaintiff under the circumstances stated in the Complaint.

17.    Plaintiff's claims are barred by the open and obvious doctrine.

18.    Plaintiff's claims fail due to lack of notice.

19.    Plaintiff's claims fail due to lack of proximate causation.

20.    Defendant denies that they caused any injury to Plaintiff.

21.    Plaintiff's claims are barred because any injuries or damages sustained by the Plaintiff may have resulted from a pre-existing or degenerative condition for which Defendant is not liable.

22.    Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to keep a proper lookout which was the cause of Plaintiff's fall

23.    Defendant asserts and incorporates by reference all affirmative defenses referenced in Ohio's Civil Rules, including all affirmative defenses specified in Ohio Civ. R. 8.

24.    Defendant reserves the right to raise such further defenses as shall become manifest during completion of discovery.

**WHEREFORE,** having fully answered, Defendant prays that Plaintiff's Complaint, be dismissed with prejudice with all costs assessed to the Plaintiff.

Respectfully submitted,

**REMINGER CO., L.P.A.**

/s/Carrie M. Starts

Carrie M. Starts, Esq. (0083922)
525 Vine Street, Suite 1500
Cincinnati, OH 45202
PH: 513-721-1311
FX: 513-721-2553
Email: cstarts@reminger.com
***Attorney for Defendant***

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **BARBARA JEAN MOSER,** | : | **CASE NO. 1:20-cv-00796-DRC** |
| Plaintiff, | : | |
| | | Judge Douglas R. Cole |
| **v.** | : | |
| **MENARD, INC.,** | : | **THIRD PARTY COMPLAINT** |
| | | **AGAINST THYSSENKRUPP** |
| Defendant/Third Party Plaintiff | : | **ELEVATOR CORPORATION** |
| **v.** | : | |
| **THYSSENKRUPP ELEVATOR** | : | |
| **CORPORATION** | | |
| | : | |
| Third Party Defendant | : | |
| **SERVE: Registered Agent** | | |
| **Corporation Service Company** | : | |
| **50 West Broad Street** | | |
| **Suite 1330** | : | |
| **Columbus, Ohio 43215** | | |

Now Comes the Defendant/Third Party Plaintiff, Menard, Inc., by and through counsel and alleges as follows:

## STATEMENT OF JURISDICTION

1.      Third-Party Plaintiff, Menard, Inc. ("Menard"), operates a business located at 2789 Cunningham Drive, Evendale, Ohio 45241 (the "Store").

2.      Menard is a corporation licensed to do business in the State of Ohio.

3.      Third-Party Defendant Thyssenkrupp Elevator Corporation's principal place of business is located at 11605 Haynes Bridge Rd., Suite 650, Alpharetta, GA 30009.

4. At all times material hereto, Third-Party Defendant, Thyssenkrupp Elevator Corporation ("TKE"), was a foreign for-profit corporation registered with the Ohio Secretary of State to conduct business within the State of Ohio.

5. Third-Party Defendant, TKE, has appointed an agent for purposes of doing business in Ohio identified as Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, OH, 43216.

6. Plaintiff asserted this action against Defendant/Third-Party Plaintiff, Menard, on September 15, 2020 arising out of injuries allegedly sustained by Plaintiff at the Store on September 20, 2018.

7. Jurisdiction and venue for Defendant/Third-Party Plaintiff Menard's Third-Party claims against TKE are appropriate in this court because the Defendant/Third-Party Plaintiff's claims arise out of pending Civil Action No. 1:20-cv-00796.

## STATEMENT OF FACTS

1. Plaintiff Barbara Jean Moser filed the original Complaint against Menard on September 15, 2020.

2. Plaintiff alleges that on September 20, 2018, as she was shopping at the Store, she sustained injuries while using a moving walkway located within the Store.

3. Plaintiff was allegedly using the descending moving walkway that allows Menard's customers to travel from the second floor of the Store to the first floor with their carts.

4. As Plaintiff reached the bottom of the descending moving walkway, she alleges her cart became stuck at the end of the walkway which caused her to become momentarily pinned before being assisted off the walkway.

5.      Plaintiff Barbara Moser has alleged that Menard was negligent in failing to ensure customers' safety while they utilized the moving walkways within the Store.

6.      Specifically,  Plaintiff alleges that there was a defect in the moving walkway which caused the incident to occur.

7.      On June 6, 2012, Third-Party Defendant, TKE, and Third-Party Plaintiff, Menard, entered into a contract (the "Construction Contract") whereby TKE promised to design, engineer, and install moving walkways to be used in the Store.[1]

8.      Pursuant to the Construction Contract, TKE was required to design, engineer, and install the moving walkways at the Store free from faults and defects and is obligated to indemnify and defend Menard with regard to the civil action being pursued by Ms. Moser.

9.      Menard sent a letter to TKE demanding defense and indemnification in relation to Plaintiff's lawsuit against Menard.

10.      TKE denied Menard's request for defense and indemnification.

## COUNT I

11.      Third-Party Plaintiff, Menard, hereby restates and incorporates by reference all of its allegations set forth herein as if said allegations were rewritten here.

12.      Pursuant to the Construction Contract between Third-Party Defendant, TKE, and Third-Party Plaintiff, Menard, TKE expressly warranted to Menard:

> that all material, equipment and work furnished under this contract will be new and of good workmanlike quality, free from faults and defects and in conformance with all of the Contract Documents. Contractor agrees to remedy and correct any problems which arise, at any time up to and including two years after acceptance and final payment for the project.

(*See* Construction Contract, Article 3)

---

[1] A copy of the Construction Contract has been provided to TKE. A copy of same will be filed under seal pursuant to a Protective Order entered by the parties.

13. Furthermore, TKE expressly agreed to:

> Indemnify, defend, and hold harmless [Menard], its agents and its employees from any and all liability, damage, expenses, claims, demands, actions or causes of action, including attorney fees, arising out of the performance of the work hereunder, whether such liability damages, expenses, claims demands, actions or causes of action are caused by [TKE], its subcontractors, or their agents or employees, or any person acting on their behalf.

(*See* Construction Contract, Article 5).

14. At all times relevant, Menard operated the moving walkway systems installed at the Store properly and in a manner consistent with the engineering and design of the moving walkway system.

15. Even under proper operation and maintenance by Menard, Plaintiff allegedly incurred an injury as a result of using the moving walkway.

16. To the extent that Plaintiff alleges that her injury was caused by a defect in the moving walkway, such walkway was designed, engineered, and installed by TKE.

17. As such, Third-Party Defendant, TKE, is obligated to defend Menard at TKE's own expense against Plaintiff's claims and to pay all attorneys' fees, court costs and other expenses related to any allegations because Plaintiff's Complaint makes allegations that, if proven, place the alleged breach of duty within the purviews of the duties, responsibilities and obligations undertaken by TKE in the Construction Contract.

18. TKE denied Menard's request for defense and indemnification in this case.

19. Therefore, Third-Party Defendant, TKE, breached the terms of the Construction Contract with Third-Party Plaintiff, Menard, and is liable to Menard for any damages suffered directly from, incidental to, or incurred as a consequence of TKE's breach.

20. Furthermore, Defendant/Third-Party Plaintiff, Menard, is entitled to defense and indemnification from TKE pursuant to the terms of the Construction Contract set forth above.

## COUNT II

21. Third-Party Plaintiff, Menard, hereby restates and incorporates by reference all of its allegations set forth herein as if said allegations were rewritten here.

22. In the event Plaintiff should recover or receive any judgment against Menard and such judgment is the result of the negligence of TKE, Menard is entitled to judgment against TKE for indemnification, contribution and/or apportionment as to any and all sums so awarded.

WHEREFORE, the Defendant/Third-Party Plaintiff, Menard, respectfully demands as follows:

(1) That TKE be found in breach of the Construction Contract for failing to provide defense and indemnification to Menard pursuant to the terms of the Construction Contract;

(2) That TKE be ordered to pay for Menard's defense in the lawsuit;

(3) That Judgment be entered against TKE for indemnification, contribution and/or apportionment as set forth in paragraph 22 of the Third-Party Complaint;

(4) That Judgment be entered against TKE for any and all sums that may be adjudged against the Defendant/Third-Party Plaintiff in favor of the Plaintiff, Barbara Jean Moser;

(5) Defendant/Third-Party Plaintiff's costs expended herein, including attorney's fees; and

(6) Any and all other relief, whether equitable or otherwise, which this Court deems appropriate.

Respectfully submitted,
REMINGER CO., LPA

/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)
525 Vine St., Suite 1500
Cincinnati, OH 45202
Tel: 513-721-1311; Fax: 513-721-2553
cstarts@reminger.com
***Counsel for Defendant/Third-Party Plaintiff
Menard Inc.***

## PRAECIPE FOR SERVICE

Please issue a summons and serve it along with a copy of Defendant's Answer and Third-Party Complaint to the Third-Party Defendant Thyssenkrupp Elevator Corporation identified in the caption on page one via U.S. Certified Mail at Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

/s/ Carrie M. Starts
Carrie M. Starts (0083922)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed this 18th day of November 2020 through the Court's CM/ECF system. Notice of filing will be automatically sent to all counsel (and their designees) who have entered their appearance of record and who are registered with this Court's CM/ECF system. Such notice constitutes service by rule. In addition, I also hereby certify that the foregoing will be served on Thyssenkrupp Elevator Corporation by certified mail and to all other parties or counsel of record who will not receive notice of this filing through the CM/ECF system.

/s/ Carrie M. Starts
Carrie M. Starts, Esq. (0083922)