**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BARBARA JEAN MOSER,

      Plaintiff,                 Case No. 1:20-cv-796

      v.                            JUDGE DOUGLAS R. COLE

MENARD, INC., et al.,

      Defendants.

## OPINION AND ORDER

Barbara Jean Moser sued Menard, Inc., based on injuries she claims she suffered when she was pinned between her shopping cart and the railing of a moving walkway at a Menard's store. Menard, in turn, requested defense and indemnification from Thyssenkrupp Elevator Corporation (TK), who built and installed the walkway. TK said no, so Menard sued them as a Third-Party Defendant. (Compl., Doc. 6). After some back and forth, TK answered and counterclaimed against Menard, raising a breach of contract claim and requesting declaratory judgment. (Answer, Doc. 22), Specifically, TK argued that Menard's claim against it here violated a previous settlement agreement between the two. Menard now moves for judgment on the pleadings as to that counterclaim. (Mot. for J. on Pleadings, Doc. 30). For the following reasons, the Court **DENIES** Menard's Motion for Judgment on the Pleadings (Doc. 30) and **DENIES** TK's request for Declaratory Judgment.

## BACKGROUND

Menard and TK contracted for TK to "design, engineer, and install moving walkways" in its Evendale, Ohio store. (Doc. 6, #51). An issue with one of those walkways allegedly injured Barbara Moser in 2018, which led to this suit. (*Id.* at #50). Little about Moser's injuries, though, is relevant to this opinion. Rather, what matters is the relationship between Menard and TK.

Menard sought indemnity from TK here under a construction contract from 2012. (Doc. 30, #247, 249). Menard believes that the construction contract requires TK to "defend and indemnify [Menard] for claims arising out of the engineering and installation of the moving walkway" at issue. (Doc. 30, #248). When TK declined to provide that indemnity, Menard included TK in this lawsuit via the Third-Party Complaint. (Doc. 6). TK then filed the Counterclaim, asserting that, by suing, Menard breached a different contract—a settlement agreement between the two that took effect on June 26, 2014 (the Settlement Agreement). (Doc. 22, #210–11). Specifically, TK believes that Menard breached this provision:

> The Parties, in consideration of the above, agree to forever release each other, their affiliates, subsidiaries, officers, directors, agents, employees, successors and assigns from liability for any and all outstanding claims, demands, liabilities, debts, obligations, actions, and causes of action, known or unknown, arising out of the claim as stated above, including the above-described suits, which is based on that claim, and any resulting damages, as well as, any other lawsuit arising out of the provision of any services, improvements, and/or materials provided for Menard up to this date…

(Silitsky Aff., Ex. D., Doc. 13, #117).

2

TK seeks both damages and declaratory judgment (Doc. 22, #212). Menard has moved for judgment on the pleadings, asking the Court to dismiss TK's counterclaim in its entirety (Doc. 30, #266). The Court reviews accordingly.

## LAW AND ANALYSIS

A motion for judgment on the pleadings under Rule 12(c) gets the same review as a motion to dismiss under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). When ruling on such a motion, a court must accept as true "all well-pleaded factual allegations of the opposing party." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007)). And once the Court has done so, the question is whether the non-moving party has provided sufficient facts to show that its claim is not only possible but "plausible on its face." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, TK splits its counterclaim into two "counts": breach of the settlement agreement and declaratory judgment. (Doc. 22, #210–11). Menard asks the Court to throw out both. (Doc. 30, #256–66). Menard first argues that the Court should dismiss the counterclaim because the Settlement Agreement does not apply to Menard's claim against TK here, and thus asserting that claim against TK cannot violate that agreement. (*Id.* at #256–58). Menard then argues, alternatively, that the Court should decline to exercise jurisdiction over the counterclaim. (*Id.* at #258–65). The Court considers Menard's arguments in that order.

3

As to Menard's claim about the Settlement Agreement's reach, an examination of Ohio law is in order.[1] Ohio law instructs courts to interpret contracts based on the parties' intent, as reflected in the language they chose. *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 361 (6th Cir. 2014). So the Court reads the contract as a whole and, when the meaning is unambiguous, enforces that meaning. *Id.* Also, a settlement agreement like the one here is a contract that is validly enforceable. *See Sulit v. D. Boothe & Co.*, 30 F. App'x 379, 381 (6th Cir. 2002).

Against that background, Menard argues that the Settlement Agreement, by its plain language, extends only to the dispute at issue when the parties entered into that agreement, and thus does not cover the claim here. (Doc. 30, #256–58). That argument is difficult to square with the contractual text, which suggests a broader scope. True, the relevant provision *starts* by releasing Menard and TK "from liability for any and all outstanding claims … arising out of the claim as stated above." (Doc. 13, #117). But the provision then goes on to extend the release to "any other lawsuit arising out of the provision of any services, improvements, and/or materials provided for Menard up to [June 26, 2014]." (*Id.*). Nowhere does the Settlement Agreement specify that this provision only applies to the events leading to the Agreement. In fact, it at least arguably says exactly the opposite.

---

[1] Both parties agree that Ohio law applies here, despite the Settlement Agreement setting out that Wisconsin law should apply. This Court applies the choice-of-law principles of the forum state (here, Ohio) when sitting in diversity jurisdiction. *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). But when there is no conflict between two states' laws, Ohio law applies. *Herndon v. Torres*, 791 F. App'x 547, 551 (6th Cir. 2019). Menard asserts that Wisconsin law and Ohio law follow the same basic contract principles; TK does not dispute that. The Court agrees and thus applies Ohio law here.

Given the apparent breadth of the relevant language, TK has at least a plausible argument that the Settlement Agreement covers the claim here. The contract at issue for the services TK provided here is dated June 6, 2012, which Menard recognizes. (Doc. 22, #210). And TK completed its services under that contract by August 2013. (*Id.* at #206). Accordingly, TK can plausibly argue that Menard's claim against TK "aris[es] out of the provision of ... services" before June 26, 2014, the date the Settlement Agreement references.

Menard nonetheless argues that the Court should dismiss TK's counterclaim because the events giving rise to the claims here—Moser's injury in 2018—had not yet occurred when Menard and TK entered into the Settlement Agreement. So what? Under the plain language of that Settlement Agreement, the injury date appears irrelevant. The release in the Settlement Agreement seems to turn on when TK *provided* the services, not when a later accident (or a later lawsuit based on that accident) occurred. TK provided those services before June 26, 2014. Accordingly, TK has at least plausibly pleaded that Menard breached the Settlement Agreement through its action here. Perhaps Menard ultimately will be able to show that the language is ambiguous when read in context and provide extrinsic evidence supporting its desired result. But that is a question for another day. For now, the claim is plausible, which means it can proceed.

Next up is Menard's contention that the Court should decline to exercise jurisdiction over the counterclaim. This argument takes aim at TK's declaratory judgment request. Normally, courts in this circuit look to the factors set out in *Grand*

5

*Trunk W. R.R. Co. v. Consol. Rail Corp.* to determine whether to exercise jurisdiction over a declaratory judgment claim. 746 F.2d 323, 326 (6th Cir. 1984)); *see also* 28 U.S.C. § 2201. But here, a different issue arises even before considering those factors.

Recall that TK's first claim is for breach of the Settlement Agreement. This coupling of claims (breach of contract and declaratory judgment) happens often. And courts routinely dismiss the declaratory judgment claim when the facts at hand have already ripened into a cause of action for breach. *See Putman v. Allstate Ins. Co.*, No. 1:21-cv-14, 2021 WL 1580836, at *3 (S.D. Ohio Apr. 22, 2021) ("Since the adjudication of Putman's breach of contract claim will necessarily decide 'the status of the contractual relationship,' declaratory judgment on the same issue is unnecessary and duplicative."); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 908 (6th Cir. 1999). TK has that problem here. Its declaratory judgment claim is duplicative of its breach of contract claim because the Court's adjudication of its breach of contract claim necessarily will answer the questions on which it seeks declaratory relief. Thus, the Court dismisses that claim.

One last thing for housekeeping purposes. Menard argues that the Court should dismiss TK's counterclaim because of the first-to-file rule, as Menard has already sued TK in relationship to the Settlement Agreement in a Wisconsin state court. The first-to-file rule provides that, when lawsuits "involving nearly identical parties and issues have been filed in two different district courts," the earlier suit should proceed. *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citation omitted). The first-to-file rule aims to preserve "comity among

federal courts of equal rank." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citation omitted). As this language suggests, though, Menard's argument misses the mark because its suit against TK is in *state* court. In that setting, the first-to-file rule does not apply. *Baatz*, 814 F.3d at 789.[2]

## CONCLUSION

For these reasons, the Court **DENIES** Menard's Motion for Judgment on the Pleadings (Doc. 30). But since TK's counterclaim for breach of the Settlement Agreement and its counterclaim for declaratory judgment are duplicative, the Court **DISMISSES** TK's request for declaratory judgment.

**SO ORDERED.**

September 13, 2023
**DATE**                                            **DOUGLAS R. COLE**
                                                                            **UNITED STATES DISTRICT JUDGE**

---

[2] Menard identifies a single case to supports its contention that the first-to-file rule can apply in state court proceedings. *See Nat. Essentials, Inc. v. Olympia Sports Co.*, No. 5:21-CV-0823, 2022 WL 1203054 (N.D. Ohio Apr. 22, 2022). But that case was removed to federal court, and the initial state court filing date is relevant in that analysis. *Id.* at *2. Not so here. The first-to-file rule applies only when both cases are in federal court. *See Baatz*, 814 F.3d at 789; *see also AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (noting that a district court's application of the first-to-file rule when one case was in state court was "likely improper").

7